15-2795-ag
Singh v. Sessions

BIA
Hom, IJ
A200 241 489

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand seventeen.

PRESENT:   REENA RAGGI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                                    *Circuit Judges.*

---

VARLINDER SINGH,

                                    *Petitioner*,


           v.                                       No. 15-2795-ag


JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

                                    *Respondent.**

---

APPEARING FOR PETITIONER:      AMY NUSSBAUM GELL, Gell & Gell New York, New York.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

APPEARING FOR RESPONDENT: VIRGINIA LEE GORDON, Trial Attorney *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General (Anthony W. Norwood, Senior Litigation Counsel, Hillel R. Smith, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Varlinder Singh, a native and citizen of India, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Singh,* No. A200 241 489 (B.I.A. Aug. 5, 2015), *aff'g* No. A200 241 489 (Immig. Ct. N.Y.C. July 15, 2014). Under the circumstances of this case, we review the IJ's decision as supplemented by that of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

Singh seeks review of the agency's decision affirming the IJ's exclusion of late-filed evidence and conclusion that, given Singh's lack of credible testimony and the absence of admissible documentary evidence, he could not meet his burden of proof as to his well-founded fear of persecution.

1.    Evidentiary Ruling

We review the agency's enforcement of filing deadlines for the submission of evidence for abuse of discretion, *see Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008), which we will identify only if the decision "rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" or otherwise "cannot be located within the range of permissible decisions," *id.* at 191–92 (internal quotation marks omitted).

An IJ has broad discretion in setting and enforcing filing deadlines, *see id.* at 192, which, pursuant to federal regulation, extends to "set[ting] and extend[ing] time limits for the filing of applications and related documents and responses thereto," 8 C.F.R. § 1003.31(c). Further, federal regulation states that "if an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." *Id.* Nevertheless, the IJ has discretion to accept a late filing "where an alien has demonstrated good cause for the failure to timely file documents and a likelihood of substantial prejudice from enforcement of the deadline." *Dedji v. Mukasey*, 525 F.3d at 192.

At the outset, we note that Singh did not challenge the evidentiary ruling before the IJ or BIA. *See Foster v. I.N.S.*, 376 F.3d 75, 77–78 (2d Cir. 2004) (stating that failure to comply with exhaustion requirements in 8 U.S.C. § 1252(d) "constitutes a clear jurisdictional bar" to court's consideration of claim (internal quotation marks omitted)). Thus, this claim is not properly exhausted and cannot be considered here. Indeed, neither Singh nor his attorney lodged a contemporaneous objection to the IJ's exclusion of his

3

late-filed evidence, and his contentions before the BIA that the IJ failed to consider "the entire record," Certified Administrative Record ("CAR") at 14–15, were too generalized to preserve the exclusion claim on appeal. *See Foster v. I.N.S.*, 376 F.3d at 77 (holding "generalized" contention that removal was improper insufficient to exhaust specific aggravated felony challenge).

2.      Adverse Credibility Determination

Because the documentary evidence was admitted only for identification rather than for substantive purposes, the agency's credibility determination was made based only on Singh's testimony and his asylum application.

For asylum applications such as Singh's, the agency may, "considering the totality of the circumstances," base an adverse credibility finding on an applicant's inconsistent statements, including internally inconsistent testimony.   8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 164–65 (2d Cir. 2008).   We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Here, the IJ reasonably relied on several discrepancies in the record to conclude that Singh was not credible.   Singh offered internally inconsistent testimony regarding the year he was attacked by Congress Party members for the second time, initially testifying that the attack took place on March 12, 2012, but later saying that it took place either in 2012 or 2010.   After his lawyer reminded him that he was in the United States in 2012, he again changed his testimony, claiming that the attack occurred in 2011.   This is a significant

4

discrepancy regarding one of only two incidents of persecution Singh alleged in his application, and the agency reasonably determined that it undermined Singh's credibility. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295–96 (2d Cir. 2006). Although Singh argues that he submitted medical documentation and affidavits confirming the attack's occurrence in 2011, this is the untimely evidence that was admitted only for identification. In any event, the documentary evidence does not explain why Singh himself gave three different dates for the attack, and, thus, does not rehabilitate his inconsistent testimony or compel a finding of past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir. 2006) (observing that IJ's or BIA's factual determinations will be upheld unless "reasonable factfinder would be compelled to conclude to the contrary").

Singh's inconsistent testimony on cross-examination further supports this conclusion. Singh directly contradicted himself regarding whether Congress Party members came to his house after he left India and failed to explain this inconsistency adequately when confronted with it. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005). Insofar as Singh's testimony was the only admissible evidence in support of his alleged fear of future persecution, the inconsistencies therein were material.

Given these discrepancies pertaining to one of two incidents of alleged past harm and to the basis for Singh's continued fear of future harm, the totality of the circumstances supports the agency's adverse credibility ruling. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d at 295–96. Because Singh's claims were all based on the same factual predicate, the agency's adverse credibility

5

determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We have considered Singh's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6